## H. J. Rogers *v.* Wm. J. Dunn, Appellant.

*Checks—Negotiable paper—Defenses.*

In an action upon a check, where the plaintiff is the indorsee of the payee, and it appears that when the check came into plaintiff's hands it was postdated eight days, it is proper to give binding instructions for plaintiff, although the maker testifies that the check was not given for the payment of a debt, or for any valuable consideration, but merely for the accomodation of the payee.

Argued Oct. 30, 1895.   Appeal, No. 124, Oct. T., 1895, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1894, No. 314, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL. JJ.   Affirmed.

Assumpsit on a check.   Before EWING, P. J.

The check sued upon was as follows:

" No. 3082.                    PITTSBURG, Pa., Nov. 25, 1893.

### " FIFTH NATIONAL BANK,

" Pay to the order of T. A. Wigham, payable November 25th, ($257.00) two hundred and fifty-seven dollars.
" A. G. Co.                                        WM. J. DUNN.
                    " Indorsed.
     " T. A. Wigham, H. J. Rogers & Co., C. D. Sherman.

" For collection of account from Globe National Bank, Chicago, Ill.                          D. A. MOULTON, Cashier."

The defendant testified that he gave the check merely as an accommodation to Wigham, and it was not given for value, nor in payment of the debt.   He testified as follows as to the circumstances connected with the giving of the check:

" A. I was in Chicago on the 4th day of November and had been there some several days, and Mr. Wigham came to me and said the Ableman Granite Company, of which the treasurer was in Pittsburg, owed him the sum of $257, and wanted me to give him a check for it, and collect it here.   I wasn't com-

ing home then and he said he was hard up and needed money badly, and I insisted on him coming home and looking the matter up and I would accommodate him.   He wouldn't do that; he said he was afraid by some reason or another he wouldn't get the check, and he wouldn't come to Pittsburg and insisted on me giving him the check and dating it ahead, and I was to get the money from the Ableman Granite Company."

Wigham testified as follows :

" Q.  Have you any knowledge of the making of this check? If yes, what do you know about it?   A.  William J. Dunn owed me that amount on account of the Ableman Granite Company for expenses in connection with that company.   It was given me in payment of those, and postdated on account of him being in Chicago and not having funds with him, he saying that if I could use the check in the meantime it would be O. K."

H. J. Rogers testified:

" My remembrance of it is, it was dated on the 17th of November, marked payable on the 25th to Mr. Wigham, the payee, but the check came in to us on the 17th of November with the request,  I think, in the first place, to give him $200.00 and credit the balance on account, and that we rather objected to, but finally did give him $100.00 and said to him, ' We will have our bank telegraph to Pittsburgh and see if it is probable this check will be paid on the 25th, and then we will give you some more money on it, if we get a proper answer.'   We had the bank telegraph to the Pittsburg bank, where the check was payable, and a reply came back that the check would probably be paid on the 25th.   We did not see Mr. Wigham for some days but he did send down on the 20th, and we sent him up a check for $25.00, and after that the check went to protest.   Of course we did not give him any more.   The remainder of the sum called for by the check, that is $132, was credited on our books to C. H. Green & Company, of which firm Mr. Wigham is a member."

The court gave binding instruction for plaintiff for $257. Defendant appealed.

*Error assigned* was above instruction.

*L. K. Porter, S. G. Porter* with him, for appellant.—The fact that the check was taken by the plaintiff eight days before

the day of its date was a fact for the jury, and any other facts in connection with it should have been received to show that the holder was put upon inquiry.

The retention of a check without presentation for a considerable time after its date will cast discredit upon it, and the one who receives it will be put upon inquiry : Laber v. Steppacher, 103 Pa. 81 ; Walker v. Geisse, 4 Wharton, 252 ; Rothschild v. Corney, 9 B. & C. 388.

This check was not parted with absolutely, but simply deposited with Wigham for a certain purpose and used by him for a different and unauthorized purpose.   Such use was certainly a fraud upon the maker : Lenheim v. Wilmarding, 55 Pa. 73.

The witnesses for the plaintiff do not say that the plaintiff surrendered their claim against C. H. Green & Company, and if the plaintiff did not surrender its claim, they were not holders for value to $132, as credited to C. H. Green & Company : Kirpatrick v. Muirhead, 16 Pa. 117.

*Carroll P. Davis*, for appellee.—The evidence being contradictory and the " circumstances " all being in favor of the plaintiff's version of the transaction, the court below properly held that the testimony of the defendant, denied by the plaintiffs, and unsupported by circumstances equivalent to another witness, was insufficient to reform the instrument, and directed a verdict for the plaintiff : Phillips v. Meily, 106 Pa. 536 ; Mifflin County Nat. Bank v. Thompson, 144 Pa. 393 ; Moorhead v. Gilmore, 77 Pa. 118.

The fact that the check was taken by the plaintiffs eight days before it was payable does not affect the case : Walker v. Geisse, 4 Wharton, 252.

Even if the plaintiff company had taken the check as collateral security for a pre-existing indebtedness, the defense of want of consideration could not be set up against them : Nat. Union Bank v. Todd, 132 Pa. 312 ; Hart v. Trust Co., 118 Pa. 565 ; Lord v. Ocean Bank, 20 Pa. 384 ; Martin v. Berens, 67 Pa. 459.

The claim of the defendant that the check was made for a particular purpose, and fraudulently used by the payee, is denied by the payee, and not substantiated by any evidence in the case, and the court below was certainly right in directing a verdict for the plaintiff.

Per Curiam, November 8, 1895 :

We find no error in this record. The binding instructions to find for the plaintiff were fully warranted by the testimony, and hence the judgment on the verdict should not be disturbed.

Judgment affirmed.